IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    No. CR 95-579BB

BENNY LITSON,

    Defendant.

## **REPORT AND RECOMMENDATION**

The motion entitled Renewed Ex-parte Motion to Set Rate of Attorney Compensation and to Exceed Criminal Justice Act Maximum Attorney Payment at that Rate, or, in the Alternative, Motion to Exceed Criminal Justice Act Maximum Attorney Payment at Usual District Rate of Attorney Compensation filed on April 23, 1999, by attorney Serapio L. Jaramillo, appointed counsel for defendant Benny Litson, has been referred to me for a recommendation. On May 2, 1996, Mr. Jaramillo filed an Ex-Parte Motion to Set Rate of Defendant's Attorney's Compensation, to Exceed Criminal Justice Act Maximum Attorney Payment and to Permit Interim Billing. The Honorable Bruce D. Black denied the motion on May 7, 1996, with the proviso that "counsel for the Defendant is directed to keep track of his hours and authorized to resubmit this motion at such time as his billings, based upon the $75.00 authorized hourly rate, exceed the $3,500.00 maximum provided by the Criminal Justice Act." No justification or excuse has been offered for Mr. Jaramillo's failure to comply with the Order of May 7, 1996, which apparently was entered with a view toward monitoring the total fees being sought by Mr. Jaramillo in relation to the statutory maximum. The condition for considering utilization of a rate of $75.00 per hour was not met. The hourly rate for out-of-court time for attorneys appointed to represent criminal defendants under the Criminal Justice Act ("CJA") in Albuquerque, New Mexico

is set at $45.00 per hour.  The rate for attorney in-court time is $65.00 per hour.  The maximum amount allowed in felony cases for such representation without judicial approval of a greater amount is $3,500.00.  18 U.S.C. § 3006A(d)(2).  Payment of an amount of attorney fees in excess of the $3,500.00 maximum may be made if the judicial officer before whom the "representation was rendered" certifies that "the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit."

Mr. Jaramillo has supplied me with a copy of his hourly worksheets compiled in connection with his representation of Benny Litson.  He seeks compensation for 3.1 hours in court and 217 hours out of court.  At the authorized rates of $65.00 per hour and $45.00 per hour respectively, the total attorney fee compensation sought is $9,966.50, or $6,466.50 in excess of the statutory amount.  If Mr. Jaramillo were compensated at $75.00 per hour for the services claimed and at the rate of $45.00 for time spent in travel, he would be entitled to receive, by his calculations, the sum of $15, 397.50, or $11,897.50 in excess of the maximum amount authorized.   Expenses claimed by Mr. Jaramillo appear to be in order and they will not be discussed.

Mr. Jaramillo began his representation of Benny Litson on February 7, 1996.  The last services he performed for Litson were on February 12, 1999.  Mr. Jaramillo traveled to the Farmington, New Mexico and Tsaile, Arizona, area six times in 1996 and 1997.  The government investigation began in 1991 or 1992 and was, according to both Mr. Jaramillo and the prosecutor, Mr. Siemel, very involved.  The discovery was also voluminous and involved, consisting of approximately 8,000 pages of documents in 7 boxes, and 17 audiotapes.  Of the three defendants indicted for making false statements, the only one ultimately convicted was Benny Litson.  The government was attempting to deal with certain widespread criminal activity on the Navajo Reservation.  Unfortunately, the case was not put together in such a way as to permit the government to proceed as they had planned.  Forged Navajo

Livestock Inspection Certificates ultimately provided the only viable basis for prosecuting three individuals.  One of these turned out to be a juvenile.  The second defendant was tried twice: the first trial ending in a mistrial (The jury divided 11 to 1 for conviction.), and the second, in an acquittal.  Following the second trial, the government was more interested in working out a plea agreement, and was willing to offer Benny Litson a misdemeanor plea. There was some difficulty in finding an acceptable and appropriate misdemeanor.  At every juncture, this was a relatively difficult and time consuming case for Litson's counsel, Mr. Jaramillo.

I have reviewed the time sheets submitted by Mr. Jaramillo, and I find that the entries are both reasonable and necessary insofar as providing the effective assistance of counsel.  The problem of having Judge Black's possible monitoring of the attorney fees aborted by Mr. Jaramillo's failure to comply with the Court's May 7, 1996 Order is partially addressed by using the lower hourly rate for attorney services.  However, the Court should exercise its discretion further in such a way as to encourage compliance with its orders and still " provide fair compensation," as contemplated by the Criminal Justice Act, for the services rendered by Mr. Jaramillo.

## RECOMMENDATION

I recommend that the Honorable Bruce D. Black certify to the chief judge of the circuit that Serapio L. Jaramillo should be paid the sum of $8,966.50 ( $9,966.50 minus $1,000.00) as attorney fees in this cause, and that "the excess payment is necessary to provide fair compensation."

_____
UNITED STATES MAGISTRATE JUDGE